# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT


ROLAND R. HICKS                    :
                                   :
     v.                            :    Case No. 3:06cv95(JBA)
                                   :
MICHAEL P. HAMPTON, et al.         :


## RULING AND ORDER

Plaintiff has filed three motions for judicial action.  In the most recent motion he asks the court to update him on the status of this case, rule on his response to the court's order to show cause, order personal service on all defendants and appoint counsel.

Service on all defendants was returned to the court unexecuted.  The court now orders the U.S. Marshal Service to personally serve all defendants.  To enable the Marshal to effect personal service, plaintiff must complete service forms with proper service addresses for each defendant.

Rule 4, Fed. R. Civ. P., prescribes the proper means to effect service.  Section 4(e) describes the method for serving an individual.  The Marshal must deliver a copy of the complaint and summons to the individual personally or leave the documents at

the individual's dwelling or usual place of abode.[1]  Fed. R. Civ.
P. 4(e)(2)(A) & (B).  Accordingly, plaintiff shall complete the
summons and Marshal service form using for each individual
defendant, Michael P. Hampton, Mathew Stockli, Joseph Donatucci,
Adnan Sakli, Vincent Chou, Maximillan Kaufman, Beryl Wolk and
Keith Buck, an address at which the individual defendant may be
physically located or the address of his dwelling or usual place
of abode.  Plaintiff is cautioned that he cannot provide a post
office box address.  In addition, plaintiff is reminded that the
mail service on defendants Stockli, Sakli and Chou at 2 Hughes
Avenue, Rye, New York, was returned unexecuted with a notation
from the U.S. Postal Service that the address does not exist.

Section 4(h) describes the manner to effect service on a
corporation, partnership or association.  The remaining
defendants, MPH LLC, Mesa Financial Group of Companies, Mesa
Trading and Finance, Mesasia, Prime Domain, IMF, Mesa Finance and
Development, New Horizon, Global Ocean LLC, Prime Capital Group,
Mesa Venture Marketing Funds, Global Project and Development,
Mesa Financial Partners, Beryl's World and Seven Oaks Financial,
must be served in accordance with state law or by delivering a
copy of the summons and complaint to an officer or other agent

---

[1]The Marshal also may effect service in accordance with
Connecticut state law.  Fed. R. Civ. P. 4(e)(1).  State law
requires that the complaint and summons be left with the defendant
or at his place of abode, the same options provided in section 2.
Conn. Gen. Stat. § 52-57(a).

authorized to accept service of process.  Fed. R. Civ. P.
4(h)(1).  Connecticut law varies depending whether the defendant
is a private corporation, partnership or voluntary association.
Conn. Gen. Stat. § 52-57 (c)-(e).  For corporations, service may
be made on any officer or director of the corporation located in
Connecticut or upon the agent of the corporation appointed
pursuant to Conn. Gen. Stat. § 33-922.  Conn. Gen. Stat. § 52-
57(c).  Accordingly, plaintiff is directed to complete the
service forms for these defendants including the name of an
officer, director or person authorized to accept service.  Again,
plaintiff is reminded to use an address at which the U.S. Marshal
Service may locate the named individual.

Plaintiff requests a ruling on his response to the court's
order.  The court ordered plaintiff to show cause why the case
should not be dismissed for failure to timely return service
forms.  (Doc. #16.)  Plaintiff responded to the order and the
case was not dismissed.  Plaintiff's response is not a motion and
no ruling is required.

Plaintiff asks the court to reconsider appointing pro bono
counsel.  The court denied plaintiff's motion for appointment of
counsel because it was unable to assess the likely merit of the
case and could not determine whether plaintiff, an attorney,
would be able to represent himself.  (Doc. # 15.)  Although time
has passed, the status of the case has not changed.  Accordingly,

the request for appointment of counsel is denied without
prejudice to refiling at a later stage of litigation.  The court
notes that plaintiff fails to indicate that he has made any
attempt to obtain pro bono representation.  The two attempts to
retain counsel described in plaintiff's motion are insufficient
to show that he cannot obtain legal assistance on his own.

Finally, plaintiff seeks injunctive relief to prevent
defendants from transferring assets or continuing to operate in a
manner that would violate the civil RICO statutes.  Rule 64, Fed.
R. Civ. P., permits a plaintiff to utilize the state prejudgment
remedies available to secure a judgment that might ultimately be
rendered in an action.  Granny Goose Foods, Inc. v. Brotherhood
of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County,
415 U.S. 423, 436 (1974).  Connecticut General Statutes § 52-278b
provides that "no prejudgment remedy shall be available to a
person in any action at law or in equity (1) unless he complied
with the provisions of sections 52-278a to 52-278g inclusive...."
Plaintiff has not complied with the requirements of state law.
Accordingly, his request for prejudgment remedy is denied without
prejudice.

In addition, before awarding preliminary injunctive relief,
the court must determine that the moving party will be
irreparably harmed should the relief be denied.  Time Warner
Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir.

2007).  The preliminary injunctive relief requested here, to prevent defendants from continuing to act in a manner that would violate the civil RICO statutes, will not affect plaintiff. Accordingly his request for preliminary injunctive relief is denied.

Plaintiff's third motion for judicial action [**Doc. #22**] is **GRANTED** to the extent that plaintiff is directed to complete service forms and the U.S. Marshal is directed to personally serve the defendants.  Plaintiff's first and second motions [**Doc. ## 20, 21**] are **DENIED** as moot.

Plaintiff is directed to follow the specific instructions set forth above and return the completed forms to the court within **twenty (20)** days from the date of this order.  Plaintiff is cautioned that failure to return properly completed forms within the time provided will result in the dismissal of all claims against any defendant for whom forms are not returned.  In addition, if the U.S. Marshal cannot locate any defendant at the address provided, the claims against that defendant will be dismissed pursuant to Rule 4(m), Fed. R. Civ. P., for failure to provide information to enable the court to make timely service.

It is so ordered.

                                    _____/s/_____
                                    Janet Bond Arterton
                                    United States District Judge

**Dated at New Haven, Connecticut, this 31st day of July 2008.**